Peggy PEEK *v.* PULASKI FEDERAL SAVINGS & LOAN ASSOCIATION et al

85-7                                    690 S.W.2d 120

Supreme Court of Arkansas
Opinion delivered May 28, 1985

*Paul D. Capps*, for appellant.

*Robert M. Wilson, Jr.*, for appellees.

GEORGE ROSE SMITH, Justice. The controlling question in this appeal is the validity of a local rule of the Pulaski Chancery Court by which a pending case may be dismissed without notice to the parties or attorneys if there has been no activity in the case for three years or more. The trial court upheld the local rule and refused to set aside a dismissal order. This appeal by the party

whose case was dismissed comes to us under Rule 29(1)(c). We disagree with the chancellor's refusal to set aside the dismissal in this instance.

Pulaski Federal Savings & Loan Association brought this suit to foreclose a first mortgage that had been assumed by the principal defendants, William and Mariannes Brickey, who owned the mortgaged property when the suit was filed in June, 1968. The appellant, Peggy Peek, one of the lienors who were joined as defendants, filed a cross-complaint to foreclose the lien of her $35,000 second mortgage on the property. The debtors, the Brickeys, filed general denials in response to the complaint and cross-complaint. The Brickeys resumed their payments on the first mortgage; that debt became current. At that point in the litigation the case became inactive, in 1968, but it remained on the docket.

On October 27, 1977, all three of the chancellors in the district adopted the following local rule:

> In all cases in Pulaski Chancery Court wherein there has been no action of record during the three years just past, the court may summarily dismiss such cases without notice. This rule does not apply to those cases requiring continuing court attention.

The rule was duly filed with the clerk of this court, as required by Rule 12 of the Uniform Rules for Circuit and Chancery Courts. Rule 12 also provides that a local rule shall not conflict with those Uniform Rules.

In April, 1978, when there had been no activity in the case for almost ten years, one of the chancellors signed a notation made with a rubber stamp on the jacket containing the pleadings in this case, the notation reading: "Dismissed for want of prosecution under Rule 10." A similar stamped notation, though unsigned, was made on the docket sheet for the case. It is not shown whether a dismissal order was entered in the judgment record, but the parties have attached no importance to that possible omission. No notice of the dismissal was sent to any party or attorney.

Next, at the request of the appellant's attorney the chancellor signed an order in April, 1984, setting the case for trial in

September. It was then discovered that the case had been dismissed by the rubber-stamp notation. Pulaski Federal and the appellant filed a motion in August for reinstatement of the action, but in October the chancellor denied that motion "in view of local Rule 12 of the Pulaski Chancery Courts, which does not require notice to parties of such dismissal." This appeal is from that dismissal.

It will be observed that the rubber-stamp notation dismissed the appeal for want of prosecution "under Rule 10," but the order being reviewed justified the dismissal under "Local Rule 12." We cannot sustain the dismissal as being under Rule 10 of the Uniform Rules for Circuit and Chancery Courts, for that Rule permits the dismissal of cases without prejudice when there has been no action of record during the preceding 12 months, but it also requires that prior notice of the court's intention to dismiss the case must be mailed to all attorneys of record. That notice was not given; so the dismissal was not valid under Rule 10.

There remains the question whether the dismissal without notice was proper under the local rule. The appellant argues that the local rule conflicts with the Uniform Rule, because the latter requires notice to counsel. The appellees argue that there is no conflict, because the Uniform Rule requires that the inactivity continue for only 12 months, but the local rule sets the minimum period at three years, and here it was almost ten years.

The equities are pretty plainly on the side of the appellant, because she is threatened with the loss of her $35,000 claim under the five-year statute of limitations. A statute is tolled during the pendency of a suit to enforce the debt. In one of our cases, for example, the suit was pending for fifteen years, but the statute was tolled for all that time. *Cole* v. *Hall*, 85 Ark. 144, 107 S.W. 175 (1907). In another case we held that the creditor was not estopped by a five-year delay in bringing the matter to trial, for the debtor might at any time have asked the court to act. *Rogers' Estate* v. *Hardin*, 201 Ark. 1, 143 S.W. 2d 544 (1940).

The appellant was entitled to assume during the period of inactivity in this case that the statute of limitations had been tolled. Her attorney had not been given the required notice under Uniform Rule 10. That attorney was not under a duty to check periodically to be sure that the rules of the game had not been changed while play had been suspended.

150

■ We need not, however, declare the local rule void. The Maryland court reached a sound practical rule in a similar situation. There, as here, the state-wide rule required notice of an intended dismissal for want of prosecution, but a local rule did not. The trial court had dismissed the case without notice. The Maryland court noted, as we can note in Arkansas, that the increasing backlog of inactive cases had plagued the local courts for many years. The state-wide rule had been adopted in an effort to remedy that congestion of dockets. The local rule was defective in not requiring notice, but the court held that the order of dismissal was "voidable." *Mutual Benefit Soc. of Baltimore* v. *Haywood*, 257 Md. 538, 263 A. 2d 868 (1970). We adopt that solution. This appellant was free from blame in the matter and has obviously been prejudiced by an order, made without notice, that may destroy her $35,000 claim. We agree with the Maryland court's statement that "our long range administrative goals will be better served by fair and open treatment of those who have slept on their right to have a day in court." We need not decide the validity of the Pulaski Chancery Court's local rule in situations where no prejudice has occurred. We simply hold that this appellant is entitled to her day in court without regard to the dismissal.

Reversed.