Stephen G. SCOLLARD *v.* Garrett S. SCOLLARD

96-953                                    947 S.W.2d 345

Supreme Court of Arkansas
Opinion delivered June 16, 1997

*Edward L. Wright*, for appellant.

*Gill Law Firm,* by: *Joe D. Calhoun,* for appellee.

DAVID NEWBERN, Justice. In 1991, Garrett Scollard, the appellant, was negotiating property rights in the course of being divorced from Mary Scollard. He was also fearful that a judgment of a Florida court in favor of his former wife, Jeanette Scollard, would be registered in Arkansas. Admittedly in order to frustrate the collection of any such judgment, Garrett Scollard, on August 31, 1991, conveyed a tract of land to his son, Stephen Scollard, the appellee, allegedly with the understanding that Stephen would reconvey it to Garrett at a later time. In November 1991, Garrett asked Stephen to deed the property to Mary Scollard, Garrett's estranged wife. Stephen refused to transfer the property and later sold it.

On January 25, 1995, Garrett sued Stephen in a circuit court action alleging constructive fraud. The Trial Court rendered a judgment for Garrett. Stephen has appealed contending that the action was barred by the statute of limitations and the evidence was insufficient to show constructive fraud. We need not address the sufficiency issue as we reverse and dismiss the case because the statute of limitations clearly barred Garrett's claim. We also decline, due to lack of citation to authority or convincing argument, to address an argument that Stephen waived his statute-of-limitations defense by not asserting it in a timely manner after stating it in his answer to the complaint.

It is undisputed that Garrett and Mary Scollard separated in October 1991, and in November of that year Garrett told Stephen to convey the property to Mary Scollard. Stephen refused. In February 1992, Garrett asked Stephen to return the land to him. Stephen refused.

On February 14, 1992, Garrett sued Stephen in a chancery court action to establish a constructive trust with respect to the land in his favor. On June 9, 1992, Garrett took a voluntary non-suit in that action.

Stephen's sale of the land occurred in two transactions, one in 1993 and the other in 1994. Garrett brought his circuit court action on January 25, 1995. The complaint alleged that Stephen's

refusal to return the property amounted to constructive fraud and breach of contract. It prayed for damages based on the amount Stephen received for the property. Stephen's answer asserted the property had been the subject of a gift. He moved to dismiss on the ground that the action was barred by the three-year statute of limitations. *See* Ark. Code Ann. § 16-56-105.

Garrett, in response to the motion, did not dispute the fact that his action was controlled by the three-year period of limitations. He argued that his cause did not accrue until February 1992, because that was when Stephen refused to return the property to him. Alternatively, he submitted that the statute of limitations was tolled for 116 days because that was the amount of time that his 1992 action was pending in Chancery Court.

The Trial Court dismissed the action on November 30, 1995. The Trial Court granted Garrett's motion to vacate in an order filed on January 11, 1996. The Trial Court found specifically that Garrett's cause of action accrued on the last day of November 1991 but was not barred because the pendency of the chancery court action tolled the statute of limitations for 116 days. The Trial Court stated in the order that "the commencement of an action tolls the running of the applicable statute of limitations. The present [breach of contract and constructive fraud] action is essentially the same cause of action as was [the constructive trust suit] filed in 1992."

### 1. *Statute of limitations*

Assuming constructive fraud occurred, it happened on August 31, 1991, when Stephen allegedly agreed to accept the property on condition that it be returned to Garrett but intended all the while not to return it. While any action Garrett may have had accrued on that date, the running of the statute of limitations would be suspended until the fraud was discovered or should have been discovered through the exercise of reasonable diligence. *Chalmers v. Toyota Motor Sales*, 326 Ark. 895, 935 S.W.2d 258 (1996); *Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761 (1996). Thus, the statute of limitations did not began to run until Garrett received notice that Stephen viewed the property as his own. Ste-

phen submits that the statute began to run in November 1991 because that was when he refused to transfer the property to Mary Scollard in response to Garrett's request. Garrett does not dispute that he made that request, but he contends that the statute did not begin to run until February 1992, when he told Stephen to return the property.

■ We hold that Stephen's refusal to dispose of the property as instructed provided notice of Stephen's claim to Garrett. It was at that time that Garrett discovered, or certainly should have discovered, that Stephen had no intention of recognizing Garrett's claim to the property. Thus, we agree with the Trial Court that the statute of limitations began to run no later than November 30, 1991. The action was barred after November 30, 1994, unless the running of the statute was tolled.

## 2. Tolling

Stephen contends that the Trial Court erred by finding that the prior chancery court action tolled the statute of limitations during the 116-day pendency of that action.

■ Once it has been shown that the statute of limitations period has expired, to avoid dismissal the party resisting the limitations defense has the burden of showing that some of the period is tolled. *Milam v. Bank of Cabot*, 327 Ark. 256, 937 S.W.2d 653 (1997); *Cherepski v. Walker, supra.*

Garrett argues that the statute of limitations was tolled by the filing of the earlier action in chancery court. The Trial Court found support for Garrett's position in two of our cases, *Erwin, Inc. v. Arkansas Louisiana Gas Co.*, 261 Ark. 537, 550 S.W.2d 174 (1977), and *Linder v. Howard*, 296 Ark. 414, 757 S.W.2d 549 (1988), and in his conclusion that the action filed in circuit court was "essentially" the same as the action filed in chancery court "with the exception of the remedy sought."

In the *Erwin, Inc.*, case, several parties sued Arkansas Louisiana Gas Company ("ARKLA") for damages allegedly incurred from a gas explosion. All of the plaintiffs claimed damages in excess of the sums that their insurer, Houston General Insurance

Company, had paid them. After the expiration of the limitations period, ARKLA reached an agreement for settlement with each plaintiff, less the amount paid to him or her by the insurance company. With respect to the remainder of each claim, ARKLA asserted that the insurance company was the real party in interest but not a formal party to the litigation, thus those amounts were barred by the statute of limitations. We disagreed on the theory that the insureds were the real parties in interest and the litigation could proceed against ARKLA in their names.

The facts of the *Erwin, Inc.,* case are thus quite different from those at hand. There was no action followed by a dismissal. The claim was continuous and the same from beginning to end. ARKLA had agreed to "split" the claims for settlement purposes, but that had no implication as far as the statute of limitations was concerned.

In the *Linder* case, the underlying action arose out of an automobile accident occurring on May 17, 1983. Linder was seventeen at the time of the accident and turned eighteen on October 15, 1983. Pursuant to the statutes in effect at the time, Linder had until October 15, 1986, to file an action in connection with her injuries from the automobile accident. Linder's complaint was filed in chancery court on October 14, 1986. Subsequently, after the limitations period had expired, Linder, acknowledging that the suit was in the wrong court, moved to transfer to circuit court.

The Chancellor transferred the case, but the Circuit Court granted the Howards' motion for summary judgment on the ground that the action was barred. We reversed, holding that Ark. Code Ann. § 16-57-104(a) (1987) permitted transfer without dismissal of the claim and it was the intent of the General Assembly that a mistake in filing should not require a refiling of the claim. The action, which was filed in a timely manner, was not barred by the statute of limitations upon transfer.

Another case cited by Garrett is *Peek v. Pulaski Federal Savings & Loan Assn.,* 286 Ark. 147, 690 S.W.2d 120 (1985), in which we held that there had been an improper dismissal of a claim pursuant to a local court rule after the statute of limitations had expired.

We said the statute of limitations was tolled during the pendency of the suit. There again, there was no lack on continuity.

We fail to see how those cases, or any of the cases cited by Garrett, support the notion that the statute of limitations was tolled in this case. In the *Erwin, Linder,* and *Peek* cases, as well as the other cited cases, the transfer, dismissal, or nonsuit occurred outside the time allowed by the relevant limitations statutes. All involved a continuation of the same action. The facts presented by this case are quite different.

Initially, we note that the circuit court action and the previous chancery court action are not the same. The chancery court action alleged the occurrence of fraudulent conduct and requested, by way of remedy, the imposition of a constructive trust, which is a restitutionary remedy designed to disgorge Stephen of his allegedly ill-gotten gain and not to recover damages for Garrett's alleged loss. The circuit court action sought to impose liability for the tort of constructive fraud and requested damages. The two complaints, though reciting similar facts, stated different causes of action requiring establishment of different elements.

█ To establish fraud, a plaintiff must show: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Wheeler Motor Co. v. Roth,* 315 Ark. 318, 867 S.W.2d 446 (1993). We have found constructive fraud to exist in cases of rescission of contracts or deeds, and breaches of fiduciary duties, but we have always required that a plaintiff show a material misrepresentation of fact. *South County Inc. v. First Western Loan Co.,* 315 Ark 722, 871 S.W.2d 325 (1994).

█ On the other hand, a constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Brasel v. Brasel,* 313 Ark. 337, 339, 854 S.W.2d 346, 347 (1993). The duty to

convey the property may arise because it was acquired through fraud, duress, undue influence or mistake, breach of a fiduciary duty, or wrongful disposition of another's property. *Betts v. Betts*, 326 Ark. 544, 932 S.W.2d 336 (1996). Ordinarily, a constructive trust arises without regard to the intention of the person who transferred the property. *Id.*

Thus, a constructive trust may be imposed when the elements necessary for constructive fraud are not present. Most important, it is not necessary to show a material misrepresentation of fact to recover under the theory of constructive trust.

Even if we were to conclude that the actions were the same, we are not convinced that the tolling doctrine applies where, as here, the first action was nonsuited within the period of time allowed by the applicable statute of limitations. As Stephen points out, when the chancery court action was nonsuited on June 9, 1992, Garrett had until November 30, 1994, to file his constructive fraud action, a period of almost two and one-half years. Even after Stephen sold the last of the property on April 4, 1994, Garret had well over seven months to file an action in circuit court. Absent some authority or convincing argument that tolling should occur in the circumstances presented, we hold the limitations period ran prior to the filing of the action.

Reversed and dismissed.