Ricky D. IVY, Jr.  *v.*
OFFICE of CHILD SUPPORT ENFORCEMENT

CA 06-1165                                    260 S.W.3d 328

Court of Appeals of Arkansas
Opinion delivered June 27, 2007

Murphy, Thompson, Arnold, Skinner, Castleberry, by: Tom Thompson and Casey Castleberry, for appellant.

J. Shane Baker, Office of Child Support Enforcement, for appellee.

KAREN R. BAKER, Judge. Appellant, Ricky D. Ivy, Jr., appeals from the denial of a motion to set aside a default judgment entered against him in St. Francis County Circuit Court. On appeal, appellant argues that "the trial court erred in denying his motion to set aside the default judgment because service of process was completely failed." Since "no notice was obtained, in derogation of due process, the default judgment obtained against him was void *ab initio*, and all proceedings founded upon that judgment are likewise void." Appellant also argues that "even if service of process was merely insufficient, and not completely failed, he never waived his objection to jurisdiction because he never filed any responsive pleading under Ark. R. Civ. P. 7." We agree with appellant that the judgment was void *ab initio*, and we reverse and remand with instructions to enter an order setting aside the default order and judgment.

Angela Flenoy filed a complaint on August 6, 1991, alleging that appellant was the biological father of her minor child and requesting that the court enter an order setting child support. After no responsive pleading was filed, the trial court entered a default order and judgment against appellant. The default order and judgment specifically stated that the court had jurisdiction over appellant and that he was ordered to pay child support in the amount of $15 per week.

Over the next twelve years, Angela Flenoy filed numerous motions for citation against appellant for failure to pay child support. As a result, appellant was held in contempt approximately eight times for non-payment of child support and ordered to spend a total of 390 days in jail. Appellant first retained counsel in 2002, and on December 2, 2002, filed a motion for paternity testing pursuant to Ark. Code Ann. § 9-10-115(e)(1)(A) (Repl. 2002).

This was the first document filed by appellant. Appellee, Office of Child Support Enforcement (OCSE), filed a response to the petition for paternity testing. The court granted appellant's petition for paternity testing and ordered a paternity test. The test conclusively established that appellant was *not* the biological father of Angela Flenoy's child.

On December 2, 2005, appellant filed a motion to set aside default order and judgment, based on the fact that the proof of service revealed that the complaint and summons were served upon Derrick Ivy, appellant's brother, and contained a note that appellant was living in Springfield, Missouri. A hearing was held on January 17, 2006, and his motion was denied. From that ruling, comes this appeal.

In *Raymond v. Raymond*, 343 Ark. 480, 484-85, 36 S.W.3d 733, 735 (2001), our supreme court stated:

> Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982) (citing *Halliman v. Stiles*, 250 Ark. 249, 464 S.W.2d 573 (1971), and *Southern Kansas Stage Lines Co. v. Holt*, 192 Ark. 165, 90 S.W.2d 473 (1936)). Moreover, a summons is necessary to satisfy due process requirements. *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996). It is also mandatory under Arkansas law that *service of process must be made within 120 days* after the filing of the complaint unless there is a motion to extend, and if service is not obtained within the 120 day period and no such motion is made, dismissal is required upon motion or upon the court's own initiative. *See* Ark. R. Civ. P. 4(i); *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) (under Rule 4(i), the trial court's dismissal of the case for failure to make service of summons was mandatory); *see also Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990).
>
> Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (citing *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989), and *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978)). In *Carruth*, this court held that the same reasoning applies to service requirements imposed by court rules, and that proceedings con-

ducted where the attempted service was invalid renders judgments arising therefrom void *ab initio*. The *Carruth* court, quoting from *Tucker v. Johnson, supra,* further held that actual knowledge of a proceeding does not validate defective process. *Carruth,* 324 Ark. at 375, 921 S.W.2d 944. Stated in different terms, the general rule is that a judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void. *Neal v. Wilson,* 321 Ark. 70, 900 S.W.2d 177 (1995).

■ Here, service on appellant was unquestionably defective. Angela Flenoy indisputably failed to serve appellant with a copy of the complaint or summons. There was no service on appellant within the 120-day time frame required by Ark. R. Civ. P. 4(i), which states that "if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action *shall* be dismissed as to that defendant without prejudice upon motion or upon the court's initiative." (Emphasis added.) Angela Flenoy also failed to file a motion to extend the time or obtain a waiver and entry of appearance whereby appellant waived service of summons or process. Under such circumstances, the circuit court had jurisdiction over this matter only to the extent needed to dismiss the case as required by Ark. R. Civ. P. 4(i) and nothing more. *See Boyd v. Sharp County Circuit Court,* 368 Ark. 566, 247 S.W.3d 864 (2007). In going beyond that point, the circuit court clearly exceeded its jurisdiction and its failure to enter an order dismissing the case constituted a plain, manifest, clear, and gross abuse of discretion. *Id.* Any judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void *ab initio. Raymond, supra* (citing *Carruth, supra*).

■ OCSE concedes that service was invalid, but argues that appellant waived jurisdiction under Ark. R. Civ. P. 12(h) both by making an appearance and by filing a responsive pleading (the petition for paternity testing). OCSE cites three cases in support of the argument that appellant waived jurisdiction: *Burrell v. Ark. Dep't of Human Servs.,* 41 Ark. App. 140, 850 S.W.2d 8 (1993) (father's failure to raise claim of defective service before the middle of the second hearing amounted to a waiver and precluded him from thereafter taking advantage of the defect); *Blankenship v. Office of Child Support Enforcement,* 58 Ark. App. 260, 952 S.W.2d 173 (1997) (putative father's failure to assert defense of lack of personal jurisdiction until halfway through the second trial amounted to a

waiver of defense); and *Hamm v. Office of Child Support Enforcement*, 336 Ark. 391, 985 S.W.2d 742 (1999) (father's failure to timely file a motion raising the insufficiency-of-service-of-process defense or failure to raise the defense in the answer that he filed, amounted to a waiver of the defense under the terms of Rule 12). However, each of these cases is distinguishable because in these cases the defendants' appearance and participation occurred before the entry of the judgment; therefore, the defense of lack of personal jurisdiction was waived prior to the entry of the judgment, and the trial court could rely on that waiver in entering judgment against the defendant. In contrast, the trial court here did not have personal jurisdiction over appellant, and appellant had not waived the issue at the time the judgment was entered.

Although the appellant was required to participate in subsequent enforcement proceedings on the judgment, his participation could hardly be construed as voluntary, nor could it cure the void judgment. Likewise, the fact that appellant filed a petition for paternity testing did not validate the void judgment. *See Raymond*, 343 Ark. 480, 488, 36 S.W.3d 733, 737-38 (finding that where it was undisputed that the former wife was never served with process or received a copy of the complaint for divorce, thus rendering the divorce decree void *ab initio*, a reconciliation agreement signed by the former wife prior to the entry of the decree did nothing to validate defective service). For the foregoing reasons, we reverse and remand with instructions to enter an order setting aside the default order and judgment.

BIRD and VAUGHT, JJ., agree.