William G. BORN *v.* Emmett P. HODGES
and Sharon C. Hodges

CA 07-526                                      271 S.W.3d 526

Court of Appeals of Arkansas
Opinion delivered January 16, 2008

*Sanford Law Firm, PLLC*, by: *Josh Sanford*, for appellant.

*Iris L. Muke*, for appellees.

KAREN R. BAKER, Judge. Appellant William G. Born challenges the trial court's disposition of real property in a mortgage foreclosure action asserting that the trial court did not have authority to order the defendant in this case to sign a quitclaim deed to the party bringing the foreclosure action and that a trial court does not have authority to order the Clerk of the Court to perform any act that a trial court could not lawfully compel a party to perform. For the reasons stated herein, we reverse and remand.

The order appealed from was entered pursuant to appellant's failure to answer the complaint and the appellees' motion for default judgment with appellant's response to that motion. Appellees Emmett and Sharon Hodges filed a complaint against Mr. Born on June 6, 2006, and served Mr. Born by a process server on June 7, 2006, at Mr. Born's place of employment. The complaint alleged that appellant was in default on a contract providing owner financing for the purchase price of real estate owned by appellees as sellers. According to appellees' reply to Mr. Born's Response to Motion for Default Judgment, the original complaint in this action was filed in Yell County,[1] but a notice of dismissal was filed and Mr. Born was notified of the dismissal when he was served with notice of the Johnson County filing. The trial court granted appellees' motion for default judgment, ordered appellant to vacate the premises and execute a quitclaim deed transferring the property to appellees within ten days of the court's order, and

---

[1] The copy of the mortgage attached as exhibit "A" to the complaint filed in Johnson County contains a handwritten modification. The word "Johnson" is typed into the blank left open on the form to identify the county in which the real property is located. Johnson has a handwritten line drawn through it with the word "yell" handwritten above. No initials are present by the handwritten modification. The copy of the mortgage has no writing typed or handwritten in the certificate of record space and no marks indicating that the document was filed at the Johnson County courthouse. A handwritten modification is also present on the document entitled "REAL ESTATE PURCHASE MONEY NOTE" attached as exhibit "B" to the complaint which contains a hand-drawn line through "Johns," leaving the "on" intact, with "yell" handwritten in above the "Johns." While appellees argue on appeal that no mortgage was ever filed of record, the record contains a file-marked copy of a mortgage with a completed certificate of record from Johnson County with no handwritten modifications. The complaint filed in Johnson County on June 6, 2006, states that the real property involved is located in Johnson County. The complaint also states that the attached exhibits of the mortgage and note are true and correct copies of the original documents. Neither party raises arguments regarding these discrepancies. Our disposition of this case does not require us to address any issues arising from those inconsistencies and nothing in this opinion should be deemed to preclude the parties or the trial court from addressing such.

ordered the clerk of the court to issue a proper deed to appellees if appellant had not fully executed the quitclaim deed pursuant to the court's order.

■ Appellees argue that we must apply an abuse of discretion standard in reviewing the appropriateness of the default judgment in this case; however, our standard of review depends on the grounds upon which the appellant is claiming that the default judgment should be set aside. *Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 246 S.W.3d 883 (2007). In cases where the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* In all other cases where we review the motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.* In the case before us, appellant argues that the trial court exceeded its authority and unlawfully ordered appellant to quitclaim his interest in the property. The general rule is that a judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void. *Ivy v. Office of Child Support Enforcement*, 99 Ark. App. 341, 260 S.W.3d 328 (2007); *Neal v. Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995). In this case, appellant argues that the trial court had no authority to grant the relief entered by the judgment. Accordingly, our review of this matter is de novo.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Rules of Civil Procedure, a default judgment may be entered against him. *See* Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided when possible. *B & F Engineering v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). A default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *CMS Jonesboro Rehabilitation, Inc. v. Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991); *Burns v. Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980). Pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, a default judgment may be set aside for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment.

In reviewing appellees' complaint, we note that paragraph one of the complaint identifies appellees as "Grantees" and appellant as "Grantor" and requests the following relief: "WHERE-

FORE, the Grantors request entry of judgment against the Grantee for the principal amount of the note and mortgage . . . as well as costs and all sums the Grantors may be required to expend for additional expenses incurred in this foreclosure proceeding to secure the property. . . . If such judgment is not paid or settled in full within the time allowed by this Court, the property should be returned to the Grantors by Warranty Deed executed by Grantor." The complaint appears to identify the parties rather indiscriminately, interchanging the nominatives. It is not necessary to our disposition of this case to examine the inconsistency in the identities. It is sufficient to recognize that the prayer for relief in the appellees' complaint acknowledged that the action was a foreclosure proceeding that sought the execution of a warranty deed.

Our foreclosure statutes provide for the sale of the property subject to the mortgage, not the execution of a deed:

> (b) In the foreclosure of a mortgage, a sale of the mortgaged property *shall be ordered in all cases.*

> (c) In an action on a mortgage or lien, the judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally.

Ark. Code Ann. § 18-49-103 (Repl. 2003) (emphasis supplied).

Appellant argues that appellees had the right to pursue a judgment for the indebtedness, disregarding their secured interest in the property — essentially, suing only on the note, citing *Haney v. Phillips*, 72 Ark. App. 202, 35 S.W.3d 373 (2000), or they could proceed in rem having the right to foreclose the mortgage interest and have the court order the public sale of the property. *Id.* In *Haney*, this court found that the trial court had erred by applying the election-of-remedies doctrine to preclude a foreclosure. We held that the remedies sought by the holder of the mortgage were not inconsistent. Under the law, he was entitled to pursue either one of them, or both in succession, until the debt was satisfied. *Haney, supra.*

While appellant's reliance on *Haney* may be misplaced, his citation to Arkansas Code Annotated Section 18-49-103(b) and his statement that the trial court had no power or authority, either at law or equity, to seize his full interest and compel him to convey that interest to appellees is well taken. The filing of appellees'

complaint initiated a foreclosure proceeding on an alleged debt asserted to be secured by a mortgage on real property. The complaint requested an order compelling the execution of a deed to satisfy the alleged mortgage. The trial court was without authority to order appellant or the clerk to execute a deed transferring title of the property to satisfy the alleged mortgage. Accordingly, we must reverse and remand for proceedings consistent with this opinion.

For the foregoing reasons, we reverse and remand.

GLOVER, J., agrees

HEFFLEY, J., concurs.

SARAH J. HEFFLEY, Judge, concurring. I agree that the trial court's order must be reversed. However, my reasoning differs slightly from the view expressed in the prevailing opinion.

The appellant in this case is not contesting the entry of a default judgment against him. Instead, he is challenging the relief granted by the trial court upon his default, which was that he was ordered to execute a quitclaim deed to appellees, and failing that, for the Clerk of the Court to issue a deed to them. Appellant's failure to file a timely answer to the complaint does not prevent him from challenging the remedy ordered by the trial court. A default judgment establishes liability but not the amount of damages. *Young v. Barbera*, 366 Ark. 120, 233 S.W.3d 651 (2006). While a defaulting defendant cannot introduce evidence to defeat the plaintiff's cause of action, the defendant retains the right to cross examine the plaintiff's witnesses, to challenge the sufficiency of the evidence, and to introduce evidence in mitigation of damages. *Id.*

Here, appellant's failure to file a timely answer established that he was in default on the note and mortgage. However, he was and remains well within his rights to contest the relief flowing from his failure to pay the amounts due under the note and mortgage. Even in a default situation, a plaintiff cannot exact a remedy to which he is not entitled. Thus, contrary to appellees' argument, appellant's contention that appellees were not entitled to a return of the property is not a defense meant to defeat their cause of action. Nor is appellant raising this issue for the first time on appeal, as it was raised in his response to the motion for a default judgment and in his motion for reconsideration.

The trial court's order in this case worked a forfeiture. Forfeiture clauses contained in executory contracts for the sale of land are considered valid under Arkansas law. *White v. Page*, 216 Ark. 632, 226 S.W.2d 973 (1950); *Friar v. Baldridge*, 91 Ark. 133, 120 S.W. 989 (1909); *Abshire v. Hyde*, 13 Ark. App. 33, 679 S.W.2d 214 (1984). The problem here is that the "Mortgage with Power of Sale" did not contain a forfeiture clause. Both it and the note provided that, upon default, the property would be sold at public auction with the proceeds to be applied first to the expenses of sale, then toward payment of the remaining debt, with appellant receiving any surplus. Unquestionably, appellees were not entitled to an outright return of the property with the result being that appellant forfeit all the monies he had paid.

For these reasons, I concur in the decision to reverse the trial court's order.