Charles WEST  *v.*  Karla WEST

CA 07-832                                    288 S.W.3d 680

Court of Appeals of Arkansas
Opinion delivered October 8, 2008

*Meredith Wineland*, for appellant.

One brief only.

KAREN R. BAKER, Judge. Appellant Charles West appeals the entry of an order setting aside an unequal division of property in a divorce case entered against appellee Karla West. Specifically, he argues that the trial court abused its discretion when it vacated the default judgment based upon its finding that fraud occurred, which caused Karla not to appear at the hearing; a motion for default was timely made by Charles; and a meritorious defense was not applicable. We find no error and affirm.

The timeline of events regarding this case was considered by the trial judge in evaluating whether setting aside the default judgment for fraud was appropriate. On September 9, 2003, Charles filed for a divorce, and a summons was issued giving appellee twenty days' notice to file an answer. Attached to the summons was a restraining order, containing a notice of a temporary hearing set for October 14, 2003. Karla was properly served with the complaint, summons, and notice of hearing. Shortly before the hearing, a telephone call was held between Karla and Charles in which counsel for Charles participated to some extent. That same day, Charles appeared at Court and moved to obtain a divorce and divide the property by default. The trial court awarded an unequal division of property, awarding everything to Charles, finding that Charles had contributed to the checking account and the house which made it possible for the parties to have them. The decree was entered on November 6, 2003.

On November 13, 2003, a power of attorney authorizing Charles's step-father to secure the property was filed of record. On December 8, 2003, the sheriff assisted the step-father in removing Karla from the residence. Karla moved to have the order set aside on December 23, 2003. She did not contest the award of the divorce. She did, however challenge the division of the property

alleging that the division of property should be set aside based upon fraud, stating that she did not participate in the proceedings because she relied upon Charles's words and actions that a compromise had been reached.

At the hearing to set aside, Karla asserted that the parties had reached an agreement as to the property division and that the agreement included her receiving sole ownership of the house, which is located in the general area where her family resides. She explained that shortly before the hearing preceding the default judgment, she spoke with Charles and his attorney on the phone; however, the attorney dismissed herself from the conversation after confirming with Karla that she and Charles had an agreement. The purpose of the call was to reconfirm that the two were in agreement. She said that Charles, after the hearing, told her that nothing happened at court and even sent her money two weeks after the hearing date. She testified that she knew nothing about the decree until the sheriff came to remove her from the house, separating her from all she owned. It was undisputed that a conference call took place between Karla, Charles, and counsel for Charles shortly before the hearing and that counsel removed herself from the conversation when it was stated that a settlement was reached. At the hearing on that motion, when questioned by the court as to why possession of the house was delayed until December 8, the response from Charles's step-father was that "Miss Ginger" told them to wait for thirty days.

Our standard of review depends on the grounds upon which the appellant is claiming that the default judgment should be aside. *Born v. Hodges*, 101 Ark. App. 139, 271 S.W.3d 526 (2008). In cases where the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* In all other cases where we review the motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.* In the case before us, appellant argues that the trial court erred in finding that fraud occurred to justify setting aside the decree. Accordingly, our review of this matter is for an abuse of discretion.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Rules of Civil Procedure, a default judgment may be entered against him. *See* Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided when possible. *Born, supra.* One reason courts are admonished to avoid default judg-

ments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *See id.* Pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, a default judgment may be set aside for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) the judgment is void;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) any other reason justifying relief from the operation of the judgment.

While it is true that defendants wishing to set aside default judgments must demonstrate a meritorious defense to the action, the defense in and of itself is not sufficient without first establishing one of the grounds laid out in Ark. R. Civ. P. 55(c). *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006) (citing *S. Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998); *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996)).

The trial court in this case found that fraud justified the setting aside of the judgment in accordance with Rule 55(c)(3). To establish fraud a plaintiff must show the following: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; (5) damage suffered as a result of the reliance. *McAdams v. Ellington*, 333 Ark. 362, 970 S.W.2d 203 (1998) (citing *Scollard v. Scollard*, 329 Ark. 83, 947 S.W.2d 345 (1997)); *see also Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 148 S.W.3d 768 (2004) (stating that deceit or fraud requires scienter, an intent to misrepresent).

Charles argues "that there is a fine line between fraud and negligence." While he admits that if he actively committed fraud and deception to entice Karla into not defending herself the trial court could set aside the decree, he maintains that his actions did not rise to a level of fraud in the procurement of the decree. Appellant's argument appears to be relying upon an abolished distinction between extrinsic and intrinsic fraud. While he does not cite to the case of *Graves v. Stevison*, 81 Ark. App. 137, 98 S.W.3d 848 (2003), he does rely upon cases cited by the *Graves*

opinion. He argues that Karla was required to prove extrinsic fraud before the trial court could set aside the default judgment. The commentary regarding the 2003 amendment to Rule 55 discusses the reason for the amendment's specific inclusion of both extrinsic and intrinsic fraud:

> Subdivision (c)(3) of the rule has been amended by inserting a parenthetical phrase, "whether heretofore denominated intrinsic or extrinsic," after the word "fraud." Although the prior version of the rule was not by its terms limited to extrinsic fraud, the Court of Appeals has construed it in that fashion. *Graves v. Stevison*, 98 S.W.3d 848 (Ark. App. 2003). The amendment has the effect of overturning *Graves* and makes subdivision (c)(3) consistent with Rule 60(c)(4).

While no distinction between extrinsic and intrinsic fraud was necessary for the trial court to set aside the default decree, the trial court in this case found that Charles actively enticed Karla not to attend the hearing on the assurances that a settlement representing their agreement would be entered. The testimony also established that Karla spoke with Charles and his counsel by phone prior to the hearing and that Charles waited until thirty days after the decree before enforcing the provisions of the decree, which supported the conclusion that the fraud was planned and the delay in execution was to prevent an appeal after the discovery of the decree's existence. The testimony on this issue was disputed; however, we must give due regard to the opportunity of the trial court to judge the credibility of witnesses. *Osborne v. Arkansas Dep't of Human Servs.*, 98 Ark. App. 129, 133, 252 S.W.3d 138, 141 (2007). Even if the distinction between extrinsic and intrinsic fraud had not been abolished, the proof sits squarely within the parameters of the extrinsic fraud that Charles asserts was necessary. *See United States v. Throckmorton*, 98 U.S. 61 (1878) (holding that acts constituting extrinsic fraud for reasons to set aside judgment include "where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise"). [1]

Based upon the evidence before the trial court, we find no error in the court's determination that Charles procured Karla's

---

[1] For discussions concerning the role that *Throckmorton* played in the development of the distinction between intrinsic and extrinsic fraud in proceedings to set aside a judgment for

nonattendance at the hearing and failure to answer the complaint by deceiving her into thinking that a compromise had been reached and that this deception practiced upon Karla kept her away from court. Accordingly, we find no error in the trial court's determination that Charles's actions were sufficient to justify the setting aside of the court's decree regarding the property division.

Charles also mentions that the trial court erred in finding that Karla had a meritorious defense, although the argument focuses upon her failure to first meet the requirements of Rule 55. In her affidavit attached to her motion to set aside, Karla stated that the challenged order awarded all of the marital property to Charles and that the execution of the order resulted in not only her eviction from the home she believed to be hers from the parties' compromise, but also dispossessed her from her vehicle and other personal property. The brief in support of her motion specifically identified approximately $54,000 in retirement accounts and $26,000 in savings and checking accounts that the challenged order did not address. She further asserted that she had been denied access to her property for a significant amount of time because of Charles's invoking protection pursuant to the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. after he had obtained the decree by fraud.

Charles asserts that the only argument Karla gave for setting aside the decree was that she did not receive anything.[2] The fact that she did not receive any property in the distribution of marital assets in the divorce was sufficient to assert a meritorious defense to the default judgment dividing marital property. Three factors demonstrate that sufficiency. First, there is a statutory presumption

---

fraud and that distinction's abrogation by amendment to the federal rules of procedure, see generally *Patel v. OMH Medical Center, Inc.*, 987 P.2d 1185, 1196 (Okla. 1999) and *Browning v. Navarro*, 826 F.2d 335 (Tex. 1987).

[2] We note that Karla's argument to the trial court included an allegation of a want of due process. She asserted that the notice of the temporary hearing could not suffice as notice of an entry of a final decree. Our supreme court has held that it was unnecessary for an appellant to show a meritorious defense as a prerequisite for setting aside a judgment when the trial court ruled on the merits of the case at a hearing noticed for discovery issues, without notice that it would rule on the merits, because the entry of the judgment was contrary to statute and denied appellant his federal constitutional right to due process of law. *Davis v. Univ. of Ark. Med. Ctr. and Collection Serv., Inc.*, 262 Ark. 587, 590, 559 S.W.2d 159, 161 (1977). However, Karla did not file a brief in this appeal, and the issue was not developed.

that all property acquired during a marriage is marital property. *Farr v. Farr*, 89 Ark. App. 196, 201 S.W.3d 417 (2005); Ark. Code Ann. § 9-12-315(b). Second, there is the presumption that all property is to be divided equally. Ark. Code Ann. § 9-12-315 (a)(1)(A). Third, given these presumptions, in the absence of an adequate explanation as to why an equal division of the marital property is inequitable, a trial court commits error that requires reversal and remand for entry of an order that demonstrates proper consideration of the statutory factors. *See Harvey v. Harvey*, 295 Ark. 102, 747 S.W.2d 89 (1988).

■ The default judgment stated that "an even division of the property would be inequitable" because Charles was "the one who has contributed to both the checking account and to the house, which made it possible for the parties to have them." As this court has explained, simply reciting the source of the funds cannot equate to a proper consideration of the contribution of each party in the acquisition, preservation, or appreciation of marital property. *Baxley v. Baxley*, 86 Ark. App. 200, 206, 167 S.W.3d 158, 162 (2004) (noting insufficient findings for unequal distribution even though wife's earnings were identified as the source of the funds in the investment account because the trial court's order made no findings as to the contribution *of each party* as contemplated by Ark. Code Ann. § 9-12-315(a)(1)(A)(vii)). The trial court's mere recitation of Charles's contribution was an inadequate explanation for the unequal distribution of marital property. Under these facts, Karla's statement that she received nothing in the distribution of property was sufficient to raise a meritorious defense.

Affirmed.

GLOVER and VAUGHT, JJ., agree.