Gary VAUGHN *v.* STATE of Arkansas

CR 98-1259

992 S.W.2d 785

Supreme Court of Arkansas
Opinion delivered June 24, 1999

*Ernest Wayne Witt*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

W H. "DUB" ARNOLD, Chief Justice. The appellant, Gary Keith Vaughan, was convicted of two counts of raping his adopted daughter and was sentenced to two terms of life in the Arkansas Department of Correction. The appellant was charged by felony information with two counts of rape. Count one alleged that appellant committed rape by engaging in sexual intercourse with the victim, who was less than fourteen years old at the time of the crime. This crime was alleged to have occurred on numerous occasions from 1983 through 1989.

Count two alleged that appellant committed rape by engaging in deviant sexual activity or sexual intercourse with the victim by forcible compulsion during the years 1989 through November 17, 1994. The victim turned eighteen years of age on December 16, 1993. The crime was first reported to law enforcement on November 28, 1994. The information was filed on August 5, 1997. The trial was held on June 26, 1998.

Prior to trial, appellant filed motions alleging that the statute of limitations was six years for a Class Y felony, and that count one should be dismissed in its entirety for that reason. He also asked, in regard to count two, that testimony about events occurring prior to August 4, 1991 (six years before the charges were filed) be excluded for the same reason. While the record is devoid of any hearing or ruling on these motions, appellant did, at trial, renew all prior motions at the conclusion of all of the evidence. The motions made at the close of all of the evidence were denied by the trial court.

Appellant asserts the following on appeal:

1) The trial court erred in refusing to dismiss count one, prior to trial, because the statute of limitations had expired;

2) The trial court erred in refusing to exclude from count two those incidents which occurred more than six years before the arrest of the defendant, and which were therefore excluded by the statute of limitations;

3) The trial court erred in allowing the deputy prosecuting attorney to introduce evidence of other alleged incidents, by reading from prior statements, during the examination of witnesses, to the extreme prejudice of appellant.

We hold, for the following reasons, that appellant has failed to preserve these arguments for appeal and hereby affirm the trial court.

## I. Count one.

Appellant filed a pretrial motion to dismiss, arguing that count one should be dismissed because "it has been filed after the requisite period of time, which is 6 years pursuant to A.C.A. [§] 5-1-109." This motion was filed on April 22, 1998. Appellant filed a second motion to dismiss on the day of trial. In his brief, appellant states that 'no ruling on either of these motions appear of record; however, an adverse ruling must be presumed since the appellant was convicted of count one and sentenced to life."

■ ■ In order to preserve a point for appellate review, a party must obtain a ruling from the trial court. *Alexander v. State*, 335 Ark. 131, 983 S.W.2d 110 (1998); *Jordan v. State*, 323 Ark. 628, 632, 917 S.W.2d 164, 166 (1996). We will not review a matter on which the trial court has not ruled; and, a ruling should not be presumed. The burden of obtaining a ruling is on the movant; matters left unresolved are waived and may not be raised on appeal. *Id.*; *Parmley v. Moose*, 317 Ark. 52, 57, 876 S.W.2d 243, 246 (1994). Therefore, appellant has failed to preserve this issue for appeal, since he never obtained rulings on the filed motions.

## II. Count two.

With regard to count two, appellant filed a motion to suppress, arguing that "any evidence of a rape should be suppressed if said evidence occurred prior to August 4, 1991, six years prior to the filing date of August 4, 1997, of the affidavit for warrant of arrest." From a review of the record, there appears to be no pretrial ruling on appellant's motion to suppress, either. The only

reference to this motion during the trial occurred at the close of all the evidence when appellant renewed his motions, which were denied.

■ Even if the court's general denial could be considered a specific ruling on this motion, appellant's motion was untimely. He did not object and obtain a ruling during the trial when evidence concerning the victim's sexual abuse prior to August 4, 1991, was introduced. This Court has made it clear that in order to preserve the point for appeal, appellant was required to renew his objection when the testimony was elicited at trial. *Alexander v. State, supra.* By waiting to object until the close of all the evidence, appellant's motion was untimely.

■ In sum, because appellant failed to object at the first opportunity, appellant's argument concerning exclusion of evidence in regard to count two was not properly preserved for appellate review and is, therefore, procedurally barred.

### *III. Reading from prior statements.*

Appellant asserts that the trial court erred in allowing the deputy prosecuting attorney to introduce evidence of other alleged incidents, by reading from prior statements, during the examination of witnesses, to the extreme prejudice of the appellant. Appellant admits that he did not timely object to the prosecutor's line of questioning, but argues that the prejudice was so great that this Court should apply an exception to the contemporaneous-objection rule under *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), whereby a trial court should intervene on its own motion to correct a serious error. We disagree.

### *A. Cross-Examination of the Appellant*

Appellant testified in his own defense. During the cross-examination of appellant, the State asked appellant if he committed numerous sexual acts which the victim had previously testified had occurred. In conducting the cross-examination, the deputy prosecutor repeatedly referred to a statement given by the victim to Deputy Sheriff Gladys Dulyea. Again, appellant admits that he did not timely object to the prosecutor's line of questioning. After

*extensive* cross-examination concerning statements the victim made to law enforcement about the specific instances of abuse, the appellant made the following single objection:

> COUNSEL FOR APPELLANT: Your Honor, I'm going to have to object. I don't mind if he wants to cross the situations that the girl spoke of, but to just rattle on forever without evidence or testimony that [the victim] wrote up her own, I feel is improper.

The trial court sustained the objection, stating that the deputy prosecutor should not read the statement.

■ ■    To preserve an issue for appeal, a defendant must object at the first opportunity. *Smallwood v. State*, 326 Ark. 813, 935 S.W.2d 530 (1996); *Hill v. State*, 285 Ark. 77, 685 S.W.2d 495 (1995). In addition, a defendant must renew his objection each time he is questioned about a matter; and, when a question previously objected to is repeated, and there is no second objection, the matter is waived on appeal. *See Stephens v. State*, 328 Ark. 81, 941 S.W.2d 411 (1997); *Walker v. State*, 301 Ark. 218, 783 S.W.2d 44 (1990). In the case at bar, appellant certainly failed to object at the first opportunity. Furthermore, he only objected to one of many questions concerning the victim's statement. This issue was, therefore, not preserved for appeal.

## B.    Cross-Examination of Keith Vaughan

During the cross-examination by the State of defense witness Keith Vaughan, one of appellant's sons, the State inquired about statements Keith had made to Mary Beth Whipkey, a Department of Human Services social worker. The witness remembered being interviewed by someone but professed not to know by whom he was interviewed nor to remember the substance of the statement he gave. Furthermore, Keith also stated that he could not recall whether or not he had been interviewed by Deputy Sheriff Gladys Dulyea. He denied making the statements in question.

The appellant made no objection during the cross-examination of Keith Vaughan concerning his statement to Ms. Whipkey. He made the following single objection to a question by the State concerning Keith Vaughan's statements to Gladys Dulyea:

COUNSEL FOR APPELLANT: I'm going to have to make an objection. On inspection this is the typed statement that somebody else typed. He didn't sign it. I would have to question the authenticity of it. He's asking several times why did she put this is or did she put that in. He didn't say it. He didn't type it. If he['s] contesting it, I'd have to ask for the veracity and accuracy of this document before he can cross-examine him with it.

This objection was untimely as it came after extensive cross-examination concerning the statement. Again, in order to properly preserve these issues for appeal, the defendant must timely object at the first opportunity. Furthermore, appellant did not object to further questioning regarding the statements. Therefore, this issue, likewise, was not preserved for appeal.

Appellant's argument that this Court should apply the third exception enumerated in *Wicks v. State, supra,* to the case at bar is not convincing. In *Wicks,* this Court stated that it implied in *Wilson v. State,* 126 Ark. 354, 190 S.W. 441 (1916), that no objection is necessary if the trial court fails to control a prosecutor's closing argument and allows him to go too far:

> Appellant can not predicate error upon the failure of the court to make a ruling that he did not at the time ask the court to make, unless the remarks were so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury not to consider the same. *See Kansas City So. Ry. Co. v. Murphy,* 74 Ark. 256 [85 S.W. 428 (1905)]; *Harding v. State,* 94 Ark. 65 [126 S.W. 90 (1910)].

quoting *Wilson v. State.* The Court, in *Wicks,* further stated:

> It must be noted that, first, we did not reverse the judgment in *Wilson,* and second, the quoted statement was taken essentially from the cited *Murphy* case, where we went on *to say explicitly that if the court fails to restrain an improper argument, counsel should make a definite objection and call for a ruling.* We have mentioned the *Wilson* suggestion in two recent cases, but in neither one was the judgment actually reversed because of the trial court's failure to act on its own motion. *Ply v. State,* 270 Ark. 554, 606 S.W.2d 556 (1980); *Wilson and Dancy v. State,* 261 Ark. 820, 552 S.W.2d 223 (1977). Thus every statement of the original *Wilson* suggestion has been obiter dictum, because no judgment has been reversed

on account of the trial court's failure to intervene. *Such a reversal would necessarily be an extremely rare exception to our basic rule.*

*Wicks v. State*, 270 at 786-87 (emphasis added).

■ Appellant has failed to demonstrate that the State's cross-examination of either appellant or Keith Vaughan was so flagrant and so highly prejudicial in character as to make it the duty of the court, on its own motion, to have instructed the jury not to consider the same, without the necessity of an objection by appellant. In sum, because of appellant's failure to preserve these points on appeal, the trial court will be affirmed.

*IV. Rule 4-3(h) Compliance.*

The record has been reviewed for prejudicial error, pursuant to Ark. Sup. Ct. R. 4-3(h), and no reversible errors were found.

Affirmed.