Cite as 2021 Ark. App. 478

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-601

| | | |
|---|---|---|
| BRANDON CLAY STELL | | **Opinion Delivered** December 1, 2021 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-20-338 ] |
| V. | | |
| KERRI LYNN STELL | | HONORABLE H.G. FOSTER, JUDGE |
| | APPELLEE | AFFIRMED |

## MIKE MURPHY, Judge

On April 7, 2020, appellee, Kerri Stell, filed a petition for a temporary order of protection against her husband, appellant Brandon Stell. A temporary ex parte order of protection was issued on the same day. Due to COVID protocols, a hearing was held via Zoom on May 15, 2020; neither party objected to holding the hearing remotely. At the end of the hearing, the trial court granted the order of protection for ten years.

On appeal, Brandon does not challenge the sufficiency of the evidence. Rather, he presents five other arguments for reversal: (1) significant electronic issues prevented Brandon's counsel from being able to adequately advocate for him; (2) the electronic hearing allowed opposing counsel's assistant to help Kerri during her testimony; (3) the electronic hearing violated the best-evidence rule; (4) the electronic hearing negatively affected the trial court's treatment of Brandon; and (5) the trial court abused its discretion in issuing a ten-year order of protection against Brandon. We affirm.

## I. *Electronic Issues*

First, Brandon argues that he did not get a fair hearing due to technical difficulties that arose throughout the electronic hearing. Brandon contends that the electronic issues prevented his counsel from adequately advocating for him. Brandon directs us to notations in the record where his counsel and the court reporter were unable to hear testimony. Additionally, Brandon's counsel was disconnected and had to rejoin the hearing twice. He argues that counsel cannot zealously advocate for or protect their clients' interests if they cannot hear or see the proceedings.

Brandon's counsel never unequivocally objected to the disruptions. To preserve an issue for appeal, a party must object at the first opportunity and obtain a ruling from the trial court. *Vaughn v. State*, 338 Ark. 220, 223, 992 S.W.2d 785, 787 (1999). We will not review a matter on which the trial court has not ruled, and the burden of obtaining a ruling is on the movant; matters left unresolved are waived and may not be raised on appeal. *Id.* Therefore, Brandon has failed to preserve this issue for appeal.

## II. *Assistant Communications*

Next, Brandon argues that he did not get a fair hearing because opposing counsel's assistant communicated with Kerri during her testimony.

The court determined that the communication consisted of the assistant handing an exhibit to Kerri. Understanding Brandon's concern, both opposing counsel and the court said that the assistant could step outside. Brandon's counsel said that would not be necessary.

Brandon now argues that it was unclear what the assistant handed Kerri and that there were no safeguards in place to ensure, as would be present in a courtroom, that what

was handed to a witness while testifying is the same exhibit introduced to all. Again, in order to properly preserve an issue for appeal, a party must timely object at the first opportunity and receive a ruling from the court. Therefore, this issue, likewise, was not preserved for appeal.

### III. *Best-Evidence Rule*

Brandon's next argument is that the trial court erred in admitting three photographs taken by Kerri because it violated the best-evidence rule. That rule requires that, unless otherwise provided, an original of a photograph must be offered in order to prove its contents. Ark. R. Evid. 1002.

A trial court's decision to admit evidence will not be reversed absent a manifest abuse of discretion. *Steele v. Lyon*, 2015 Ark. App. 251, at 4, 460 S.W.3d 827, 831. The abuse-of-discretion standard is a high threshold that does not simply require error in the trial court's decision but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Gully v. State*, 2012 Ark. 368, 423 S.W.3d 569. Further, this court will not reverse a trial court's decision absent a showing of prejudice. *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002).

Kerri testified the photographs were taken on her phone, and the same photographs were sent electronically to her attorney who then sent electronic versions to the court and to Brandon's counsel. At trial, Brandon objected and argued that the photographs were not the originals and should not have been admitted into evidence. The trial court opined that the photographs were original because they were sent in electronic format to opposing counsel and to the court and that an appellate court would see them in electronic format.

3

On appeal, Brandon argues that without appropriate procedures in place, an unscrupulous attorney could send one version to opposing counsel and another version to the court, and the opposing counsel would have no way of knowing. He argues this dilemma is not possible with an in-person hearing; each party can see the proffered photograph before it is given to the court or introduced into evidence; but, with electronic hearings, there are no such protections in place.[1]

Brandon has not shown that the trial court abused its discretion in admitting the photographs. Pertinently, the court noted that Kerri's counsel was holding up the exhibit so everyone could see what the witness was looking at. If there was any issue it should have been noted at that juncture.

## IV. *Negative Treatment*

Next, Brandon directs us to a comment from the court to argue that the electronic hearing negatively affected the court's treatment of him. This argument is not properly preserved for appeal because Brandon never asked for a mistrial or objected to the court's handling of the matter.

## V. *Length of Order of Protection*

Brandon's last argument is a conclusory challenge to the length of the order of protection. In granting an order of protection, it is in the court's discretion to grant relief

---

[1]Brandon also argues for the first time on appeal that Kerri's counsel added red circles to the photographs. He contends this alteration meant the photographs were not the originals sent from Kerri's phone and should not have been allowed to come in as evidence. This argument is not preserved for our review.

for a fixed period of time between ninety days and ten years. Ark. Code Ann. § 9–15-205(b) (Repl. 2015).

Here, the court issued the order of protection for ten years, which is within the statutory range. Brandon fails to cite any convincing argument. We will not consider an argument when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Hollis v. State*, 346 Ark. 175, 179, 55 S.W.3d 756, 759 (2001). Brandon has not demonstrated how entering an order within the statutory time limit was an abuse of the court's discretion.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Gordon & Caruth, PLC*, by: *Jeannie L. Denniston*, for appellant.

*Ryan C. Allen*, for appellee.