Cite as 2022 Ark. App. 473

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-21-484

| | |
|---|---|
| GEORGIANNA BOOKER<br>            APPELLANT/CROSS-APPELLEE | Opinion Delivered November 16, 2022 |
| V. | APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26DR-19-35 ] |
| PATRICK BOOKER<br>            APPELLEE/CROSS-APPELLANT | HONORABLE LYNN WILLIAMS,<br>JUDGE |
| | AFFIRMED |

## MIKE MURPHY, Judge

Georgianna Booker appeals the Garland County Circuit Court's order in her divorce from Patrick Booker. Patrick cross-appeals. On appeal, Georgianna argues that the court erred in granting Patrick an unequal division of certain marital property and debts. Alternatively, she argues the court erred in denying her credit for one-half of Patrick's military retirement benefits from 2003 through 2015. Overall, she contends the court's decision was ambiguous and the case warrants remanding so that the circuit court can make a valuation of the property division. On cross-appeal, Patrick agrees that this case should be remanded to clarify the value of the marital home to support its unequal division and the value of the retirement accounts, taking into consideration the twelve-year setoff. We

previously dismissed the appeal and the cross-appeal without prejudice for lack of a final order. The appeal is now properly before us. We affirm.

Georgianna and Patrick were married on April 19, 1980, and divorced by decree of the Garland County Circuit Court on May 6, 2020. There were no minor children at the time of the divorce, and the issues below and on appeal center on the division of marital property and debts. At trial, there was testimony that the parties separated in 2003, and Georgianna moved to Texas. The testimony differed on when the parties got back together, but Patrick testified that Georgianna "showed up" again in 2015. Patrick testified that, from 2003 until around 2015, Georgianna did not contribute to the marriage in any way. She had left and he had paid all the bills.

Following the hearing, the court found that Patrick was entitled to an unequal division of the marital assets because he was the sole contributor to the acquisition, preservation, and appreciation of the marital home and retirement accounts (excluding his military retirement). It found that Georgianna was "not contributing to the marriage from 2003 through 2015" and was thus not entitled to the contribution to the marital assets for that time. In pertinent part, the order further provided that the following:

IV.

The Court finds that [Georgianna] was not contributing to the marriage from 2003 through 2015 and should not be entitled to the contribution to the marital assets for that time period.

. . . .

VI.

2

The Court finds that [Georgianna] is solely reliable for Upgrade, Inc., Lowe's, Discover Card, Commerce Bank, and Navy Federal Credit Union debts that are solely in her name are not marital property.

## VII.

The real property and all marital personal property shall be auctioned within a reasonable time on the courthouse steps or on the premises of the residence if agreed upon by the parties. [Patrick] shall get a credit set off for the unequal distribution after the sale of the property. The setoff should reflect what [Patrick] paid on the marital home from 2003 through 2015. The remaining proceeds shall go towards the marital debts and then be split equally between the parties. All personal property not specifically mentioned in this Decree shall be sold in the same respective manner on or about the same day.

. . . .

## IX.

[Georgianna] is entitled to one-half (½) of [Patrick]'s military retirement.

## X.

The Court finds that there shall be an unequal division of [Patrick]'s other retirement accounts in favor of [him]. Any division of these retirement accounts shall exclude the years of 2003 through 2015.

From this order, the parties appeal.

This court reviews domestic-relations cases de novo, but we will not reverse the trial court's findings unless they are clearly erroneous. *Reesnes v. Reesnes*, 2022 Ark. App. 462. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id.* As to issues of law,

however, we give no deference to the circuit court; rather, we review issues of law and statutory construction de novo. *Id.*

With respect to the division of property, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. In accordance with Arkansas Code Annotated section 9-12-315(a)(1) (Repl. 2020), at the time of entry of a divorce decree, the circuit court shall equally distribute all marital property one-half to each party unless it is determined that such a distribution would be inequitable; if the property is not divided equally, then the circuit court must state the reasons and basis for not doing so, and the basis and reasons should be recited in the order entered in the matter. While the circuit court must consider the factors set forth in the statute and state its reasons for dividing property unequally, it is not required to list each factor in its order or to weigh all the factors equally. *Id.*

For her first point, Georgianna contends that the unequal division was clearly erroneous and that the court did not sufficiently state the reasons for the unequal division. The court found that Patrick was entitled to an unequal division of assets under Arkansas Code Annotated section 9-12-315(A)(1)(a)(viii), which states that the contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker, is a factor the court may take into consideration when making a division of property on some other basis than an equal distribution. The court found that Georgianna did not contribute to the marriage from 2003 through 2015. She was living in Texas during

4

this time, having essentially abandoned the marriage and marital assets. It was not clearly erroneous for the court to find that because Georgianna did not contribute to the marital assets during this time, she should not get the benefit of those assets at the time of divorce.

Georgianna cites *West v. West*, 103 Ark. App. 269, 288 S.W.3d 680 (2008), to support her argument that the decree was defective because it lacked explanation why an equal division of the marital property was inequitable. In *West*, a default judgment stated that "an even division of the property would be inequitable" because Charles was "the one who has contributed to both the checking account and to the house, which made it possible for the parties to have them." *West*, 103 Ark. App. at 275, 288 S.W.3d at 685. This court ruled that "simply reciting the source of the funds cannot equate to a proper consideration of the contribution of each party in the acquisition, preservation, or appreciation of marital property. . . . The trial court's mere recitation of Charles's contribution was an inadequate explanation for the unequal distribution of marital property." *Id.*

Here, the court does more than recite Patrick's contribution. It cites the statute to support its decision, provides specific dates, and finds that Patrick was the sole contributor during that time. Under these facts, the court's finding of unequal division was not clearly erroneous.

Next, Georgianna argues that the court erred when it did not give her any credit for the debt she incurred making improvements to the house. The court found her solely liable for the debts in her name, but Georgianna argues that she should be credited for the new windows and kitchen remodel on the marital home. This court has held that Arkansas Code

Annotated section 9-12-315 and its presumption of equal division does not apply to the division of marital debts. *Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. Here, given that the debt was incurred due to expenses associated with the marital home, and upon the home's sale, she will receive half of the proceeds less what Patrick paid toward the mortgage while she was not contributing to the marriage, it was not clearly erroneous for the court to allocate the debt the way it did.

In the alternative, Georgianna asserts that if we do not reverse the inequitable asset division, she should get credit for half of the military retirement benefits she did not receive from 2003 through 2015. We disagree. Arkansas law does not require parties to a divorce to account for every sum spent during a marriage. *Chism v. Chism*, 2018 Ark. App. 310, at 6, 551 S.W.3d 394, 398. The income was marital; thus, Patrick had the right to use and transfer that money, as long as he was doing so nonfraudulently. *See Skokos v. Skokos*, 332 Ark. 520, 968 S.W.2d 26 (1998). Georgianna is not entitled to reimbursement or credit for the money Patrick received absent proof of an intent to defraud, which Georgianna does not allege. Thus, it was not erroneous for the court to not credit her those funds.

Last, both Georgianna and Patrick ask us to remand the case for the circuit court to provide a value on the unequal division, but for different reasons. Georgianna would have us remand the entire case because there are no values stated, which she contends makes it difficult to determine just how unequal the division may really be. Patrick asks us to affirm the unequal division but remand for the circuit court to provide a clearer value of the property division.

Neither party sought to have the court address the valuation issues until now. To preserve an issue for appeal, a party must object at the first opportunity and obtain a ruling from the circuit court. *Stell v. Stell*, 2021 Ark. App. 478, 638 S.W.3d 855. We will not review a matter on which the circuit court has not ruled, and the burden of obtaining a ruling is on the movant; matters left unresolved are waived and may not be raised on appeal. *Id.* Neither Georgianna nor Patrick preserved this issue for appeal. In the event additional clarification is critical to carrying out the court's orders, neither party is foreclosed from seeking it pursuant to the circuit court's continuing jurisdiction. *See Stuart v. Stuart*, 2012 Ark. App. 458, at 11, 422 S.W.3d 147, 154 ("The trial court 'retains the power to clarify or interpret a prior decree for more than ninety days in order to more accurately reflect the court's original intention.'"(quoting *Linn v. Miller*, 99 Ark. App. 407, 413, 261 S.W.3d 471,475 (2007))). We affirm the circuit court's division of property.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Tapp Law Firm, P.A.*, by: *Tylar C.M. Tapp III*, for appellant/cross-appellee.

*The Ballard Firm, P.A.*, by: *Adrew D. Ballard*, for appellee/cross-appellant.