Cite as 2023 Ark. App. 21

# ARKANSAS COURT OF APPEALS

DIVISION II
№ CR-22-175

| | |
|---|---|
| JAMIE DEMON JACOBS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 25, 2023<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-19-241]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**CINDY GRACE THYER, Judge**

Jamie Demon Jacobs appeals the Columbia County Circuit Court's order revoking his suspended imposition of sentence (SIS) and sentencing him to a combined total of twenty years in the Arkansas Department of Correction (ADC). As his sole argument on appeal, he claims he was improperly sentenced upon revocation. Because the record before us does not contain the information necessary for us to sufficiently review and decide this issue, we must remand the matter to the circuit court to settle the record.

In 2019, Jacobs was charged as a habitual offender with seven counts of aggravated assault and eight counts of first-degree terroristic threatening. He subsequently pled guilty to two of the terroristic-threatening counts listed as counts fourteen and fifteen of the

information.[1] In exchange for his guilty plea on these charges, the other thirteen charges were nolle prossed.

The sentencing order was filed on March 20, 2020. As to count fourteen, the court imposed a sentence of twelve months in the ADC followed by ten years' SIS. As to that count, the court placed a checkmark in the box indicating that Jacobs was being sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(a) (Supp. 2021) and identified his habitual-offender status as an aggravating reason for a departure from the presumptive sentencing range.

As to count fifteen, however, the sentencing order imposed only a ten-year SIS. It did not reflect any additional term of incarceration. And while the box indicating that Jacobs was being sentenced as a habitual offender pursuant to section 5-4-501(a) had been checked, the order indicated that the sentence imposed was not a departure from the presumptive sentence.

On November 1, 2021, the State filed a petition to revoke Jacobs's suspended sentence,[2] alleging that he had violated the conditions of his suspended sentence by

---

[1]On that same day, Jacobs pled guilty as a habitual offender to one count of possession of a controlled substance (methamphetamine or cocaine) in case No. 14CR-19-186 and was sentenced to twelve months in the ADC with 120 months' SIS. The sentencing order clearly specified that he was being sentenced as a habitual offender and that his sentence was to run concurrently with the underlying sentence in the instant case and the sentence imposed in case No. 14CR-13-56C.

[2]The State alleged in the petition to revoke that Jacobs had been sentenced to one year in the ADC and ten years' SIS in case No. 14CR-19-241 on two counts of terroristic threatening.

committing a criminal offense punishable by imprisonment, by possessing and using controlled substances, and by failing to pay costs in his underlying cases.[3]

A revocation hearing was held on December 16, 2021, at which time Jacobs, Magnolia Police Sergeant Liz Colvin, and Community Corrections Officer Thomas Fenske testified regarding the allegations contained in the petition. After considering the evidence presented, the circuit court revoked Jacobs's suspended sentence, finding that he had violated the terms and conditions of his SIS.[4]

However, before the court could impose the sentence on revocation, the following colloquy occurred between the court and defense counsel:

COUNSEL: Secondhand, as The Court makes its decision as to sentencing, I'd like to draw The Court's attention to 19-241, in which he was sentenced to one year A.D.C, ten years suspended on two counts of Terroristic Threatening. I just want to ensure that The Court is aware; It appears based on the Sentencing Order, that it's labeled as offense number fifteen. He was sentenced to a hundred and twenty months or ten years suspended as a habitual offender and I think the intent was for him to serve one year

---

[3]The charged offenses were felony fleeing in a vehicle, running a stop sign, driving with a suspended driver's license, possession of drug paraphernalia, and possession of methamphetamine and marijuana. As for the possession/use allegation, Jacobs was found in possession of methamphetamine and marijuana on or about October 5, 2021, and he tested positive for amphetamine, methamphetamine, and marijuana on October 6, 2021. Finally, at the time of the filing of the petition, he owed $575 in case Nos. 14CR-19-186 and 14CR-19-241.

[4]The court found that he had violated the terms and conditions of his sentence by testing positive for amphetamine, methamphetamine, and marijuana and by committing the felony offenses of fleeing in a vehicle, driving with no driver's license, possession of drug paraphernalia, and possession of methamphetamine and marijuana. The court did not make a finding with regard to the delinquency in payment of his fines and fees because he had not had an opportunity to make any payments given the short period of time between his release and his subsequent arrest on new charges.

A.D.C. on each count. It appears that he was not sentenced to one, that one year in A.D.C. was not imposed on one of those counts, so we'd just ask the Court to make a note of that upon making a decision.

COURT: I think that he was sentenced to one year on each count to run concurrently and then ten years S.I.S. on –

COUNSEL: That's correct, Your Honor.

COURT: –– each of the others and as an habitual offender.

COUNSEL: That's correct.

COURT: Okay.

COUNSEL: I just was making sure, because in one of the counts it does not show that an A.D.C. sentence was imposed on that particular count.

The State then made its sentencing recommendation after which the court orally imposed a ten-year sentence on each count to run consecutively to each other.[5]

Defense counsel then asked for clarification as to the length of sentence available for imposition on count fifteen. More specifically, she asserted that because no term of imprisonment had been imposed on count fifteen in the original sentencing order, Jacobs could not be sentenced on revocation as a habitual offender and that only six years was available on that count. The circuit court indicated that on the basis of its notes, Jacobs had been sentenced as a habitual offender on all counts; that for a Class D felony the term for a habitual offender was zero to twelve years; and because one year was imposed on each count,

_____

[5]The court also ordered that these sentences were to run consecutively to the ten-year sentence in case No. 14CR-19-186 for an effective sentence of thirty years. The court also waived the previous imposition of court costs.

4

Jacobs could be sentenced up to eleven years on revocation. Defense counsel agreed that the court had intended to sentence Jacobs to one year on each count but asserted once again that Jacobs had not actually been sentenced as a habitual offender because no time had been imposed on count fifteen. The State, agreeing that the original sentencing order had failed to impose any term of incarceration on count fifteen, stated that any discrepancy could be cured if the docket sheet reflected a different sentence had been imposed. The State also noted that the habitual-offender designation on the sentencing order as to count fifteen had been marked, to which the court responded, "Well, that's at least both my recollection and the docket sheet, but I guess it does create a potential issue, but I will leave that for somebody else to sort out." The court then signed a sentencing order imposing consecutive ten-year sentences on both counts without amending the original sentencing order. Jacobs has timely appealed.

The issue we are presented with on appeal is whether the ten-year sentence imposed by the circuit court on Jacobs's Class D felony terroristic-threatening conviction exceeded the maximum sentence allowed by law. If a court revokes a defendant's suspension of sentence or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308 (Supp. 2021). In Arkansas, the maximum sentence allowed for a Class D felony is six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). However, if the defendant is found to be a habitual offender with more than one but fewer than four felonies, Arkansas law provides for an extended term of

imprisonment of not more than twelve years for a Class D felony. Ark. Code Ann. § 5-4-501(a)(1) & (a)(2)(E). Thus, the ten-year sentence imposed by the court upon revocation is valid only if Jacobs was originally sentenced as a habitual offender.

On appeal, Jacobs asserts that he was not sentenced as a habitual offender in the original sentencing order; thus, the maximum sentence he could receive would be six years. In support of his argument, he cites Arkansas Code Annotated section 5-4-501, claiming it requires that habitual offenders be sentenced to a period of incarceration in the ADC. Because he was not ordered to serve any time in the ADC and only received a suspended sentence, he claims he was not sentenced as a habitual offender. As to the fact that the habitual-offender-designation box had been marked, Jacobs contends this was an inadvertent clerical error.

The State, on the other hand, argues that Jacobs was sentenced as a habitual offender in the original sentencing order and that no period of incarceration is required for Jacobs to be classified as a habitual offender because the minimum statutory sentence for Class D felonies, standard or habitual, is zero. In the alternative, the State argues that the court intended to impose a one-year sentence in the ADC and that its failure to do so was a clerical error.

Here, both parties have alleged that certain provisions of the original sentencing order that are essential to our review of the issue on appeal contain clerical errors. The circuit court was notified of the conflicting provisions, acknowledged that the original order did not accurately reflect the court's intended sentence, yet declined to enter a corrected order. But

6

when the court announced its sentence on revocation, it seemingly relied on the intended, rather than the actual, sentence in determining Jacobs's status as a habitual offender and in imposing the ten-year sentence on revocation. As a result, this court is left with unresolved questions regarding the factual basis for the court's imposition of an extended term of imprisonment.

Because the proper disposition of the issues on appeal in this case requires findings of fact that must be made in the circuit court, we remand the matter to the circuit court with specific instructions to settle the question as to what, if any, clerical errors exist as to the original sentencing order; to correct the original sentencing order nunc pro tunc if any clerical errors are found to exist; and to supplement the record with a transcript of the original sentencing hearing, the court's docket sheets from the original guilty-plea hearing, and any other evidence in the record to support the court's findings regarding the clerical-error issue. The supplemental record is to be returned within thirty days of this order.

Remanded to settle and supplement the record.

HARRISON, C.J., and VIRDEN, J., agree.

*Erin W. Lewis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.