Cite as 2023 Ark. App. 60

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-22-49

| | | |
|---|---|---|
| VINCENT MITCHELL | | Opinion Delivered February 15, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT, SECOND |
| | | DIVISION |
| | | [NO. 60DR-20-3167] |
| THERESA MITCHELL | | |
| | APPELLEE | HONORABLE CASEY R. TUCKER, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Vincent Mitchell appeals the Pulaski County Circuit Court order in his divorce from Theresa Mitchell. On appeal, Vincent argues that the circuit court erred by (1) unequally dividing the marital home in favor of Theresa, (2) awarding Theresa half of his retirement account, and (3) not awarding him expenses for damage to his personal property caused by Theresa. We affirm.

Vincent and Theresa married on February 15, 2008, and on October 9, 2020, Theresa filed a complaint for divorce from Vincent. The case proceeded to a hearing on August 25, 2021.

At the hearing, the parties submitted to the court that the issues to be decided were the division of the marital home, the division of Vincent's retirement account, and the destruction of Vincent's personal property.

Theresa testified that she sought a divorce from Vincent because he "murdered her grandson"[1] in her and her family's presence on September 20, 2020. She noted that Vincent was arrested that day and that he has been criminally charged with murder. The trial is pending. Theresa also testified that Vincent had been physically abusive toward her.

As to their marital home, Theresa testified that she contracted to purchase the house before she and Vincent married but that the closing occurred on February 25, 2008, about a week after their marriage. The purchase price was $83,000, and Theresa introduced the warranty deed reflecting that she is the sole grantee. Theresa testified that she never added Vincent to the deed or mortgage and that she paid the mortgage and utilities. She stated that they did not intend to own the home together and that they maintained separate finances because Vincent had filed for bankruptcy five or six times.

Theresa further testified that Vincent has a retirement account with the Arkansas Department of Transportation, and she asked the court to award her half of that account. She noted that Vincent had not provided her with the account balance.

Theresa denied having damaged Vincent's personal property. She explained that following her grandson's death, Vincent did not return to their home, leaving his personal property. She noted that he also left two trucks and that she immediately removed his clothing from the home and placed it inside an unlocked truck. She stated that he also left machinery and equipment in an outdoor shed, but the shed had a lock, and she did not have the key.

---

[1]The victim was Vincent's step-grandson.

Theresa explained that police officers facilitated a transfer of Vincent's property to his friends about three weeks later, and she testified that she did not notice any damage to his property.

Vincent testified that he began his employment with the Arkansas Department of Transportation in August 2007, but he "retired" for about three years and then returned in 2020. He testified that he and Theresa purchased their marital home together, and he stated that he contributed to the mortgage and utilities payments. Vincent explained that Theresa retrieved his paycheck from his bank account and used the money to pay their bills. He also stated that he put money in her dresser drawer for utilities payments.

Vincent further testified that he withdrew $20,000 from his Arkansas Department of Transportation retirement account in 2017 and that he spent the money on himself and the house. As to the house, he stated that the funds were used to purchase new siding, a new air-conditioning unit, and a new roof. Vincent acknowledged that in 2017, he and Theresa had temporarily separated for about six months to a year, but he stated that he continued to contribute to the house expenses despite their separation.

Vincent testified that after he and Theresa separated for the final time in 2020, a wrecker service returned his trucks containing his clothing to his new residence. He stated that his trucks and clothing were damaged. He noted that the damage to his clothing totaled $20,000, and he introduced photographs of the damaged clothing. Vincent further testified that he did not receive his lawn equipment and machinery from his storage building located at their house and that the value of the items totaled about $20,000.

At the conclusion of the hearing, the court issued an oral ruling. The court found the house to be marital property, but the court awarded it to Theresa pursuant to Arkansas Code

3

Annotated section 9-12-315(a)(1)(A)(viii) (Repl. 2020). Specifically, the court found Theresa credible that she had paid all the expenses, and it found Vincent not credible. As to Vincent's retirement account, the court awarded Theresa half the value of the account from the date of the marriage to the date of divorce, including any distribution made during the marriage. The court specifically ordered that the $20,000 distribution made to Vincent in 2017 be added to the total value. As to Vincent's personal property, the court found Vincent presented no evidence to establish that Theresa had caused the damage to the property.

On September 28, the circuit court entered a divorce decree memorializing its oral ruling. On October 26, Vincent filed a notice of appeal.

This court reviews domestic-relations cases de novo, but the circuit court's findings will not be reversed unless they are clearly erroneous. *Booker v. Booker*, 2022 Ark. App. 473, 655 S.W.3d 562. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id.* As to issues of law, however, we give no deference to the circuit court; rather, we review issues of law and statutory construction de novo. *Id.*

With respect to the division of property, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. In accordance with Arkansas Code Annotated section 9-12-315(a)(1) (Repl. 2020), at the time of entry of a divorce decree, the circuit court shall equally distribute all

4

marital property one-half to each party unless it is determined that such a distribution would be inequitable; if the property is not divided equally, then the circuit court must state the reasons and basis for not doing so, and the basis and reasons should be recited in the order entered in the matter. *Booker*, 2022 Ark. App. 473, 655 S.W.3d 562. While the circuit court must consider the factors set forth in the statute and state its reasons for dividing property unequally, it is not required to list each factor in its order or to weigh all the factors equally. *Id.*

On appeal, Vincent first argues that the circuit court erred by unequally dividing the marital home and awarding it to Theresa. He relies on his testimony that he contributed financially to the home, and he asserts that the court overlooked the fact that he constructed a shed on the property, which improved its value.

We cannot say that the circuit court's unequal division of the marital home was clearly erroneous. The court found that Theresa was entitled to an unequal division under Arkansas Code Annotated section 9-12-315(A)(1)(a)(viii), which states that the contribution of each party in acquisition, preservation, or appreciation of marital property is a factor the court may take into consideration when making a division of property on some other basis than an equal distribution. Here, the court found Theresa's testimony that she solely paid for the house credible, and Vincent's testimony that he contributed to the housing expenses not credible. The credibility and weight to be given the testimony was a matter for the circuit court to determine. *See Jennings v. Buford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). As to Vincent's construction of the shed, although he testified that he built it, he offered no evidence concerning its value. Give these circumstances, we cannot hold that the circuit court clearly erred.

Vincent next argues that the circuit court erred by awarding Theresa half of his retirement account, including the $20,000 distribution from 2017. He points out that Theresa testified that they had maintained separate finances, and he again relies on his testimony that he contributed the $20,000 distribution to housing improvements. However, at trial, Vincent acknowledged that Theresa was entitled to half of the account. As to the $20,000 distribution, the court specifically found Vincent's testimony that he contributed to the house not credible. Again, the credibility and weight to be given the testimony is a matter for the circuit court to determine. *See Jennings*, 60 Ark. App. 27, 958 S.W.2d 12. Accordingly, we find no error by the circuit court on this point.

Vincent finally argues that the circuit court erred by not awarding him expenses for the damage to his personal property caused by Theresa. He asserts that the evidence clearly shows that his personal property was damaged. While the evidence may show damage to Vincent's property, the court stated that it "did not find any proof that could be directly linked to [Theresa]" and that "[i]t could've been a number of people." Theresa denied damaging Vincent's property. Vincent's argument on appeal asks this court to reweigh the evidence. It is not this court's duty to substitute its judgment for that of the circuit court. *Carr v. Carr*, 2019 Ark. App. 513, 588 S.W.3d 821. We therefore find no error on this point, and we affirm the divorce decree.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Ashleigh N. Dyer*, for appellant.

*Mann & Kemp, PLLC*, by: *Angela Mann*, for appellee.