Cite as 2023 Ark. App. 292

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-22-175

|  |  |  |
|---|---|---|
| | | Opinion Delivered May 17, 2023 |
| JAMIE DEMON JACOBS | APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-19-241] |
| V. | | |
| | | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## CINDY GRACE THYER, Judge

Jamie Demon Jacobs challenges a Columbia County Circuit Court's order revoking his suspended imposition of sentence (SIS) on two counts of first-degree terroristic threatening and sentencing him as a habitual offender to two consecutive ten-year terms of imprisonment in the Arkansas Department of Correction (ADC). On appeal, he contends that he was originally sentenced as a habitual offender on only one of the terroristic-threatening counts; thus, the ten-year sentence imposed on revocation for the other count exceeded the statutory maximum sentence for that count, which was six years. His argument is based on inconsistencies found in the original sentencing order, which have now been resolved by the circuit court on remand. The record before us reflects that Jacobs was, in fact, originally sentenced as a habitual offender, and his sentence upon revocation is therefore not illegal. Accordingly, we affirm.

In 2019, Jacobs was charged as a habitual offender with seven counts of aggravated assault and eight counts of first-degree terroristic threatening. He subsequently pled guilty to two of the terroristic-threatening counts listed as counts fourteen and fifteen of the information.[1] In exchange for his guilty plea on these charges, the other thirteen charges were nolle prossed.

The sentencing order, filed on March 20, 2020, reflects that as to count fourteen, the court imposed a sentence of twelve months in the ADC followed by ten years' SIS. As to that count, the court placed a checkmark in the box indicating that Jacobs was being sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(a) (Supp. 2021) and identified his habitual-offender status as an aggravating reason for a departure from the presumptive sentencing range.

As to count fifteen, however, the sentencing order imposed only a ten-year SIS. It did not reflect any additional term of incarceration. And while the box indicating that Jacobs was being sentenced as a habitual offender pursuant to section 5-4-501(a) had been checked, the order indicated that the sentence imposed was not a departure from the presumptive sentence.

---

[1]On that same day, Jacobs pled guilty as a habitual offender to one count of possession of a controlled substance (methamphetamine or cocaine) in case No. 14CR-19-186 and was sentenced to twelve months in the ADC with 120 months' suspended imposition of sentence. The sentencing order clearly specified that he was being sentenced as a habitual offender and that his sentence was to run concurrently with the underlying sentence in the instant case and the sentence imposed in case No. 14CR-13-56C.

On November 1, 2021, the State filed a petition to revoke Jacobs's suspended sentence,[2] alleging that he had violated the conditions of his suspended sentence by committing a criminal offense punishable by imprisonment, by possessing and using controlled substances, and by failing to pay costs in his underlying cases.[3]

A revocation hearing was held on December 16, 2021, at which time Jacobs, Magnolia Police Sergeant Liz Colvin, and Community Corrections Officer Thomas Fenske testified regarding the allegations contained in the petition. After considering the evidence presented, the circuit court revoked Jacobs's suspended sentence, finding that he had violated the terms and conditions of his SIS.[4]

---

[2]The State alleged in the petition to revoke that Jacobs had been sentenced to one year in the ADC and ten years' SIS in case No. 14CR-19-241 on two counts of terroristic threatening.

[3]The charged offenses were felony fleeing in a vehicle, running a stop sign, driving with a suspended driver's license, possession of drug paraphernalia, and possession of methamphetamine and marijuana. As for the possession/use allegation, Jacobs was found in possession of methamphetamine and marijuana on or about October 5, 2021, and he tested positive for amphetamine, methamphetamine, and marijuana on October 6, 2021. Finally, at the time of the filing of the petition, he owed $575 in both cases Nos. 14CR-19-186 and 14CR-19-241.

[4]The court found that he had violated the terms and conditions of his sentence by testing positive for amphetamine, methamphetamine, and marijuana and by committing the felony offenses of fleeing in a vehicle, driving with no driver's license, possession of drug paraphernalia, and possession of methamphetamine and marijuana. It did not make a finding with regard to the delinquency in payment of his fines and fees because he had not had an opportunity to make any payments given the short period of time between his release and his subsequent arrest on new charges.

When the parties made their sentencing recommendations to the court, they discussed the conflicting provisions in the original sentencing order related to Jacobs's habitual-offender status. The court acknowledged the inconsistencies and confirmed the original order did not accurately reflect its intended sentence; yet it signed a sentencing order imposing consecutive ten-year sentences on both counts without amending the original sentencing order to reflect his habitual-offender status on count fifteen.

Jacobs timely appealed and raised the issue of whether the ten-year sentence imposed by the circuit court on count fifteen exceeded the maximum sentence allowed by law. Because both Jacobs and the State agreed that the original sentencing order contained clerical errors essential to the resolution of the issues on appeal but disagreed as to which of the conflicting provisions constituted the error, we remanded the matter to the circuit court for entry of factual findings to resolve the factual issues surrounding the alleged clerical errors and ordered amendment of the original sentencing order nunc pro tunc to address those errors, if any. *Jacobs v. State*, 2023 Ark. App. 21 (*Jacobs I*).

On remand, the circuit court reviewed the transcript of the sentencing hearing and its docket sheets and entered an order finding (1) that Jacobs had been found guilty of two counts of terroristic threatening in the first degree; (2) that he was a habitual offender with at least two prior felonies; (3) that it had accepted the plea recommendation and sentenced Jacobs to a term of one year in the ADC with an additional ten years' SIS on both counts; and (4) that the March 5, 2020 order contained a clerical error that incorrectly reflected a

4

sentence of SIS on only one of the two terroristic-threatening counts. The court then entered an amended order correcting those clerical errors.

Prior to remand, Jacobs argued that the trial court had incorrectly concluded that he had been sentenced as a habitual offender on count fifteen, and thus, the sentence it imposed on revocation improperly exceeded the statutory limitation for the original crime. In support of his argument, he claimed that a term of incarceration is required when a defendant is sentenced as a habitual offender, and the court did not impose any term of incarceration for that count in the original order. Therefore, he had not been sentenced as a habitual offender. He also highlighted the fact that the court did not depart from the sentencing guidelines on that count and that it did not provide his habitual-offender status as a reason for departure from the sentencing guideline as it did for count fourteen.

The original sentencing order as corrected by the circuit court on remand now clearly reflects that, as to both terroristic-threatening counts, Jacobs was sentenced as a habitual offender to one year in the ADC with ten years' SIS and that his habitual-offender status was the reason for the departure from the sentencing guidelines. Thus, Jacobs's arguments on appeal are without merit. Accordingly, we affirm; the December 30, 2021 sentencing order entered upon revocation stands.

Affirmed.

BARRETT and WOOD, JJ., agree.

*Erin W. Lewis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.

5