Cite as 2025 Ark. App. 563

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-24-435

| | |
|---|---|
| CRAIG CRISWELL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered November 19, 2025<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT<br>[NO. 15CR-19-233]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**CINDY GRACE THYER, Judge**

Craig Criswell appeals from the order of the Conway County Circuit Court revoking his suspended imposition of sentence and sentencing him to concurrent terms of seven years in the Arkansas Division of Correction (ADC). Criswell argues that the evidence is insufficient to support the revocation of his sentence. Because the record as presented to us raises potential questions about the legality of his sentence, however, we must remand to the circuit court to settle and supplement the record.

In May 2020, Criswell entered a negotiated plea of guilty to one charge each of possession of a controlled substance and possession of drug paraphernalia, both Class D felonies. He was sentenced to 144 months' suspended imposition of sentence (SIS) on each charge and ordered to pay court costs of $150 and a fine of $1500, to be paid in $100 and

$10 monthly installments. The terms and conditions of his SIS also forbade him from committing criminal offenses punishable by imprisonment. In October 2023, Criswell was charged with possession of drug paraphernalia, and in January 2024, the State filed a petition to impose the suspended sentences, alleging that Criswell had committed a criminal offense and had not paid his court-ordered fines and fees.

The circuit court held a hearing on the State's petition on March 11, 2024. Through testimony from an employee of the Conway County Circuit Clerk's office, the State introduced Criswell's account payment summary, which showed that Criswell was supposed to have paid $1985 in fines, fees, and costs but had paid only $80 as of March 1, 2024. Criswell offered testimony asserting that he had been recently evicted from his home and had been unable to pay his rent. At the conclusion of the hearing, the court found that the State had proved that Criswell had made only one $80 payment over the entire term of his SIS and that Criswell had not provided any evidence regarding his inability to pay. Accordingly, the court found that Criswell had inexcusably violated a condition of his SIS, revoked the same, and sentenced him to concurrent seven-year prison terms. Criswell timely appealed and now argues that the evidence was insufficient to support the revocation of his SIS.

At this juncture, however, we decline to reach the merits of Criswell's argument. Our review of the record has revealed a potential issue on both Criswell's original sentencing

2

order and the sentencing order that followed the revocation of his SIS.[1] The State's petition to revoke Criswell's SIS reflects that he originally pled guilty to possession of a controlled substance and possession of drug paraphernalia as a habitual offender. Both sentencing orders, however, appear to indicate that the habitual-offender enhancement was applied only to the possession-of-paraphernalia count. That is, while the box indicating Criswell was sentenced pursuant to Arkansas Code Annotated section 5-4-501 was checked on the paraphernalia conviction, the habitual-offender box accompanying his conviction for possession of a controlled substance is not checked at all.

As noted above, Criswell was sentenced on each charge to twelve years' SIS when he pled guilty in 2020; he was sentenced to seven years in the ADC when his SIS was revoked. As Class D felonies, the maximum sentence for possession of a controlled substance and possession of drug paraphernalia––if there is no habitual-offender enhancement––is six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). Under the habitual-offender enhancement statute, the sentencing range expands to twelve years for a defendant who has previously been convicted of more than one but fewer than four felonies, Ark. Code Ann. § 5-4-501(a)(2)(E) (Supp. 2019), and to fifteen years for a defendant who has previously been convicted of four or more felonies. Ark. Code Ann. § 5-4-501(b)(2)(E).

---

[1]We may address an illegal sentence sua sponte because void or illegal sentences are matters of subject-matter jurisdiction, and we review them even if they are not raised on appeal. *Willingham v.* State, 2021 Ark. 177, 631 S.W.3d 558; *Artero v.* State, 2025 Ark. App. 290.

Thus, if the original sentencing order is correct that Criswell was not sentenced as a habitual offender on the possession-of-a-controlled-substance charge, the maximum sentence he could have received originally and on revocation for that charge would be six years; thus, the initial twelve-year SIS and the subsequent seven-year prison sentence he received would be illegal sentences. Conversely, if the record on remand reveals that he was originally sentenced as a habitual offender under section 5-4-501(a) or (b), then the initial twelve-year SIS and the subsequent seven-year sentence on that charge would be legal.

Stated simply, it is unclear from the record whether the State sought the enhancement as to one or both charges, under which habitual-offender subsection the State sought enhancement of Criswell's sentence, and whether he was actually sentenced as a habitual offender on both counts. As a consequence, it is unclear whether the original twelve-year SIS sentence or the ensuing seven-year sentence of incarceration upon revocation were proper as to the possession-of-a-controlled-substance charge.

While the failure to check the habitual-offender box for Criswell's possession-of-a-controlled-substance charge on both sentencing orders may well have been a mere clerical error, we do not make that decision ourselves. In *Jacobs v. State*, 2023 Ark. App. 21, we were presented with similar questions regarding the factual bases for the circuit court's imposition of an extended term of imprisonment. In that case, we remanded the matter to the circuit court with instructions for it to settle the question as to what, if any, clerical errors existed as to the sentencing order and to correct the sentencing order nunc pro tunc if clerical errors were found to exist.

We do the same here and remand. On remand, the circuit court is directed to settle the record to determine which sentence enhancement was employed and whether the enhancement is to apply to both of the Class D felonies. We also direct the record to be supplemented with any additional documents that may shed light on this question. If there are clerical errors on the sentencing orders, the court is directed to correct those errors nunc pro tunc. The settled and supplemented record is to be returned within thirty days of this order.

Remanded to settle and supplement the record.

ABRAMSON and MURPHY, JJ., agree.

*TS Branch Law Firm PLLC*, by: *Tabatha Branch*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.