Cite as 2026 Ark. App. 6

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-340

| | |
|---|---|
| PAUL CRISWELL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 14, 2026<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-21-276]<br><br>HONORABLE BRENT DILLON HOUSTON, JUDGE<br><br>AFFIRMED; MOTION TO BE RELIEVED GRANTED |

**RAYMOND R. ABRAMSON, Judge**

Paul Criswell appeals the Saline County Circuit Court's order revoking his probation.[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Criswell's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. The clerk of this court delivered a copy of counsel's brief and motion to withdraw to Criswell, advising him of his right to file pro se points for reversal pursuant to

---

[1]This case returns following our opinion ordering rebriefing. *See Criswell v. State*, 2025 Ark. App. 563.

Ark. Sup. Ct. R 4-3(b)(2), and he has done so.[2] We affirm the revocation of Criswell's probation and grant counsel's motion to withdraw.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. Counsel identifies several rulings adverse to Criswell in addition to the revocation decision. Counsel has now addressed each adverse ruling, claiming there are no issues of arguable merit to support an appeal and that sufficient evidence supports the circuit court's decision to revoke Criswell's probation. We agree.

On September 8, 2021, Criswell pleaded guilty to two counts of felony failure to appear and was sentenced to thirty-six months of probation, ordered to pay fines and costs totaling $341, and ordered to pay restitution in the amount of $2,000. On June 17, 2022, the State filed a petition for probation revocation, citing three grounds for revocation: (1) Criswell committed new felony offenses on April 30, 2022; (2) Criswell had not made any payments on his restitution, fines, and court costs; and (3) Criswell had not completed his anger-management course. The petition to revoke was amended on July 14, 2023, to include an allegation that Criswell had failed to report to his probation officer following his release from the Jefferson County Detention Center. After failed attempts by the probation office

---

[2]Criswell has filed thirty points of appeal in his one-hundred-page pro se brief.

to contact Criswell by phone and two failed attempts at home visits, Criswell was placed on "absconder" status.

On February 6, 2024, the Crawford County Circuit Court held a revocation hearing. The revocation hearing was set for the morning, but Criswell did not appear, and the court ordered a $100,000 failure-to-appear bond. Criswell, however, appeared later in the afternoon, and the bond was withdrawn. Before the hearing, Criswell made a motion for the circuit judge to recuse himself because Criswell had "filed a complaint with the judicial discipline board." The circuit court denied his motion. Next, Criswell moved to remove his attorney because they were not seeing "eye-to-eye." Criswell did not wish to proceed pro se. The circuit court denied that motion as well.

Finally, at the hearing, Criswell's probation officer testified that Criswell had not reported since being released from Jefferson County Detention Center; that Criswell had not made any payments on his fines, costs, or restitution; and that he had not completed his anger-management course. The officer further noted that even before this, Criswell's compliance with reporting was spotty. And because Criswell had not been reporting to probation, he had not been drug tested as his conditions required.

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant inexcusably violated the terms of his or her probation as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218. The State need only show that the appellant

3

committed one violation to sustain a revocation. *Id.* Here, counsel has addressed the sufficiency of the evidence presented in support of the decision to revoke probation. The decision to revoke does not present an issue of arguable merit for appeal.

First, the State must only prove a single violation to sustain the revocation. *Id.* In the instant case, Criswell's probation was revoked for the following reasons: (1) new criminal charges, (2) failure to pay supervision fees, (3) failure to complete his anger-management course, and (4) failure to report. The uncontroverted testimony at the hearing was that Criswell had not reported to his probation officer since at least April 30, 2022, and remained in absconder status on the day of the hearing. Failure to report alone is sufficient grounds to support a revocation; accordingly, there is no merit to a sufficiency-of-the-evidence argument.

Next, Criswell moved—on the day of the hearing—to have the circuit judge recuse himself because Criswell had filed a claim against him with the judicial-discipline board. If there is no valid reason for the judge to disqualify himself or herself, he or she has a duty to remain in a case. *U.S. Term Limits v. Hill*, 315 Ark. 685, 870 S.W.2d 383 (1994). There is a presumption of impartiality, and the party seeking disqualification bears the burden of proving otherwise. *Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998); *Worth v. Benton Cnty. Cir. Ct.*, 351 Ark. 149, 156, 89 S.W.3d 891, 896 (2002). Criswell has not presented evidence that the circuit court acted with bias during the proceedings. *See McKinney v. State*, 2019 Ark. App. 347, 6–7, 583 S.W.3d 399, 403 (2019) ("Because McKinney has failed to present any evidence that the circuit court demonstrated bias or prejudice against him, he

4

has failed to rebut the presumption that the trial judge was impartial."). Accordingly, we agree with counsel that this is not a meritorious ground for relief.

Third, on the day of the hearing, Criswell asked to fire his public defender and receive the services of another public defender because he and his attorney did not see "eye to eye." Two public defenders had already been relieved from his case, and as counsel notes, Criswell failed to either ask for a specific replacement attorney or articulate that he was able to afford private counsel. Counsel addressed this issue and properly found that the denial of Criswell's motion for new counsel made on the day of the hearing did not present an issue of arguable merit for appeal.

Counsel addresses the remaining arguments made in Criswell's pro se points of appeal, finding that they are either not preserved for appeal, waived, or underdeveloped. We will not review a matter on which the circuit court has not ruled, and the burden of obtaining a ruling is on the movant; matters left unresolved are waived and may not be raised on appeal. *Stell v. Stell*, 2021 Ark. App. 478, at 2, 638 S.W.3d 855, 857. Furthermore, we have continuously held that it is "not the duty of this court to research or develop arguments for an appellant on appeal." *Smith v. Heather Manor Care Ctr., Inc.*, 2012 Ark. App. 584, at 7, 424 S.W.3d 368, 375. Failure to develop an argument precludes review of the issue on appeal. *Id.*, 424 S.W.3d at 375. Finally, it is well settled that this court will not consider ineffective assistance as a point on direct appeal unless that issue has been considered by the circuit court. *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003); *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998). Accordingly, we will not review these issues now.

From our review of the record, the brief presented to us, and Criswell's pro se points of appeal, we find compliance with Rule 4-3(b) and that there is no merit to an appeal. We therefore grant counsel's motion to withdraw and affirm the convictions.

Affirmed; motion to be relieved granted.

HARRISON and TUCKER, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.